# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JEROME CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-496-TLS |
| | ) |
| LISA MADIGAN, in her official capacity | ) |
| as Attorney General of Illinois, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Jerome Curtis, a plaintiff proceeding pro se, filed a Complaint [ECF No. 1] against the Defendant Illinois Attorney General, Lisa Madigan. He also filed a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis ("IFP") statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first,

whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

To begin, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a)(1). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

The inquiry, though, does not end there. The Court must also look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), district courts have the power to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff alleged that the State of Illinois, through Lisa Madigan, issued an instrument of public record known as Illinois State file number 112-1985-620162 to the Plaintiff. This instrument of public record bears an entity's name in all caps, which is JEROME CURTIS. He now seeks declaratory relief to understand the relationship between this instrument of public record and himself. He has previously attempted to contact Lisa Madigan through certified mail, but did not receive a response.

The Complaint does not, however, provide adequate notice for the basis of Plaintiff's concern. The Complaint does not include the "instrument of public record" to which Plaintiff refers, nor does it describe what exactly this instrument does, or is. Plaintiff also has not described how the Attorney General of Illinois rather than the Illinois Secretary of State, which maintains public records in Illinois, will address his concerns. *See About Us*, OFFICE OF THE ILL. SEC'Y OF STATE, cyberdriveillinois.com/about_us/home.html (last visited Dec. 13, 2017). As such, Plaintiff has failed to adequately state a claim upon which relief can be granted.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until January 15, 2018, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting his amended complaint, the Plaintiff should describe factual details that explain how the Defendant has injured the Plaintiff and how declaratory relief will cure the Plaintiff's injury. Further, the Plaintiff should, if possible, attach or describe the instrument of public record to adequately provide notice to the Defendant of its

contents. Along with an amended complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee.

If the Plaintiff does not file an amended complaint by January 15, 2018, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No.2];

(2) DISMISSES the Complaint [ECF No. 1];

(3) GRANTS the Plaintiff until January 15, 2018, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4) CAUTIONS the Plaintiff that if he does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on December 18, 2017.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT