UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEROME CURTIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 1:17-CV-496-TLS |
| LISA MADIGAN, in her official capacity as Attorney General of Illinois, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Jerome Curtis, a Plaintiff proceeding pro se, filed a Complaint [ECF No. 1] on December 5, 2017, against Lisa Madigan, the Attorney General of the State of Illinois. The same day, he filed a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2]. In an Opinion and Order [ECF No. 4] issued on December 18, 2017, the Court dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), denied the Plaintiff's Motion for Leave to Proceed in Forma Pauperis, and granted him until January 15, 2018, to file an Amended Complaint and another Motion for Leave to Proceed in Forma Pauperis. On January 16, 2018, the Plaintiff filed an Amended Complaint [ECF No. 5] and a second Motion for Leave to Proceed in Forma Pauperis [ECF No. 6]. The Plaintiff also filed a second Amended Complaint [ECF No. 7], without the leave of the Court. The second Amended Complaint contains largely the same allegations as the original Complaint and the Amended Complaint, and the same exhibits as the Amended Complaint. The second Amended Complaint also includes a nine page recitation of the allegations with greater detail.

For the reasons set forth below, the Court denies the Plaintiff's Motion for Leave to Proceed in Formal Pauperis, and dismisses the Plaintiff's Amended Complaints pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii). Because further amendment would be futile, the Court dismisses the action with prejudice.

## DISCUSSION

### A.     Legal Standard

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants with an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, it is not clear to the Court whether the Plaintiff is unable to prepay the filing fee because he states that he is on fixed income, but then only provides income information for his spouse. However, even assuming that the Plaintiff is unable to prepay the filing fee, the Court's inquiry does not end.

In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.*

§ 1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). Federal courts are also required to "check to see that federal jurisdiction is properly alleged." *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *see also Neitzke*, 490 U.S. at 326 n.6.

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

**B.     Plaintiff's Allegations**

The basis for the Plaintiff's suit appears to be as follows: The Plaintiff, Jerome Curtis, has in his possession a certification of birth record, more commonly known as a birth certificate.[1] (Am. Compl. Ex. D, ECF No. 7.)[2] According to the birth certificate, one JEROME CURTIS was

---

[1] While the Plaintiff does not address this, the Court notes that it appears that the birth certificate is a record of the Plaintiff's own birth.

[2] The Court will consider the second Amended Complaint, even though it was filed without leave, in part to demonstrate that further amendment would be futile.

3

born on May 27, 1985, at Provident Medical Center, to Lorraine Curtis. (*Id.*) In his second Amended Complaint, the Plaintiff alleges that he needs to use his birth certificate for various applications, licensing, registrations, and permissions. (Am. Compl. 6.) He further alleges that, because the birth certificate has replaced his true name (Jerome Curtis) with all capital letters (JEROME CURTIS), he has suffered "unwarranted injuries, maltreatment, and difficulties resulting in gross infringement on substantive rights, uneven taxation, fines and fees; loss of freedom by arrest, detention, and confinement; loss of property and assets due to seizure and civil appropriation; and separation from the family due to legal ramifications of registration and licensing." The Plaintiff states further: "On the instrument in question, the name on line 1 seems to have the same name as Jerome Curtis but presented as JEROME CURTIS, where it appears to have replaced the Plaintiff's inalienable and legal rights with those of mere privileges, permissions, and consents." (*Id.* at 8.) The Plaintiff alleges that Lisa Madigan, the Attorney General of the State of Illinois, is "deliberately concealing critical material information in a setting of fiduciary obligation and that the deeded bond instrument is an intentional perversion of facts that in the Plaintiff's reliance upon it may inadvertently surrender his rights." (*Id.*)

The Plaintiff filed this suit to "correct and clarify any and all uncertainty, misgivings, misunderstandings and presumptions between the parties and anyone else that may have on the Plaintiff's rights, responsibilities, obligations, relationships, and covenants of the deeded bond instrument (Certificate of Live Birth) in question." (*Id.* at 7.) His desired relief includes a declaration and decree concerning (1) "his relationship to the Entity styled JEROME CURTIS" and (2) "the status of Jerome Curtis in relationship to Lisa Madigan in law." (*Id.* at 3.) He also wants the Court to clarify what exactly the birth certificate is, including "the facts surrounding its Creation[,]" and any other relief the Court deems proper. (*Id.*)

## C. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and this jurisdiction only extends to "Cases" and "Controversies." U.S. Const. art. III, § 2; *Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 660 (7th Cir. 2015). The plaintiff has the burden to establish subject matter jurisdiction, and must do so by a preponderance of the evidence. *See Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). To satisfy the "injury in fact" requirement, the plaintiff must show he "suffered an invasion of a legally protected interest that is *concrete and particularized* and actual or imminent, not conjectural or hypothetical." *Id.* (citing *Lujan*, 504 U.S. at 560)) (emphasis added) (quotation marks omitted). A "concrete" injury is an injury that actually exists, rather than something merely "abstract." *Id.* at 1548.

The Plaintiff has not demonstrated to the Court that he has suffered a concrete injury. He alleged that he has suffered harm because a birth certificate contains his name in all capital letters, and that this has deprived him of certain rights. The Plaintiff did not articulate any specific instance or allege any facts to support this perceived harm, and instead, he relies on legal conclusions that he has been harmed by Lisa Madigan's fraudulent and deceitful behavior which has manifested in a birth certificate bearing his name in all capital letters. Further, he did not identify any specific instance in which the birth certificate prevented him from exercising any particular protected right. His alleged injury, therefore, appears to be confusion over why his name appears in all capital letters on a birth certificate. His desired relief presumably would give

him peace of mind. This type of "abstract" injury is outside the Court's subject matter jurisdiction.

The Plaintiff has twice amended his original Complaint. All three complaints contain the same abstract injury, which is outside the Court's subject matter jurisdiction. Further amendment will not remedy this defect, and therefore the Court dismisses this action with prejudice. The Court notes that questions related to Birth, Death, and Other Records in Illinois may be directed to the Illinois Department of Public Health.[3]

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 6], and DISMISSES WITH PREJUDICE the instant case against the Defendant.

SO ORDERED on January 25, 2018.

                                          s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT

---

[3] Contact information for the Illinois Department of Public Health, including phone hours and email information, can be found at http://www.idph.state.il.us/vitalrecords/Pages/contact.htm.